(C. D. 1157)

LINS BROOMCORN COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 3, 1949)

*Lawrence, Tuttle & Harper* (*George R. Tuttle, Walter I. Carpeneti,* and *Charles J. Evans* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Joseph E. Weil, Richard H. Welsh,* and *William J. Vitale,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: The question at issue in this action pertains to the classification of several importations of bear grass or palmilla imported from Mexico. The collector assessed duty thereon at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. The plaintiff claims that if dutiable at all, it is dutiable at only 10 per centum ad valorem under the same paragraph as an unmanufactured article. It is further claimed, however, that the merchandise is more specifically provided for as fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for, under the provisions of paragraph 1684. By way of amendment of the protest, it is claimed that the material is duty free under the Tariff Act of 1930 as a crude vegetable substance, paragraph 1722 providing specifically therefor, or that it comes within the classification of sticks of wood under duty-free paragraph 1806.

At the trial a sample of the imported merchandise was admitted in evidence as exhibit 1. A bunch of grass in its native state after severing from its roots was also admitted in evidence as illustrative exhibit A. Exhibit 1 consists of coarse, fibrous vegetation resembling the ribs of palm leaves. The grasses are from ⅛ to ½ inch in width and from 17 to 18½ inches in length. Unlike palm ribs, however, the grasses readily split lengthwise into thin fibers. Illustrative exhibit A is exactly the same material except that the grasses are approximately 4 feet long, tapering to much narrower widths at the ends.

The evidence produced by the shipper of the merchandise, the only witness, establishes that the material grows in dry places to a height of 2½ feet and, where adequately watered, to a height of 4½ feet. It is gathered by grasping small groups of the grass in the hand and severing, by means of a machete or large knife, 4 or 5 inches from the ground. After cutting, the grasses are placed on boards 18 inches

long and the tops are removed with the same knife. These top portions are discarded. The witness testified that he personally had the workers cut the grass in 18-inch lengths because it is easier to tie and to ship at such lengths. According to the witness, the length of the boards upon which the tops are trimmed off is the factor which regulates the length of the merchandise. The material is then assembled into bundles weighing approximately 22 pounds by binding together at one point. In such condition the merchandise is exported to the United States to broom manufacturers, but although the witness had seen brooms which had been made from the material he shipped, he had never seen the product made into brooms. In the brooms he had observed, the lengths of the strips were "more or less 15 or 16 inches." The witness further testified that exports from Mexico pay an export tax based upon the weight of the exported merchandise.

Counsel for the importer points out that the merchandise was not cut to lengths at both ends so as to fit it for use in the manufacture of brooms without further processing; that the only labor performed was to cut the grasses at the lower or butt ends in order to sever them from their roots and at the upper end so as to eliminate the useless tops and make it easier to bundle and ship. It is contended on behalf of plaintiff's counsel that merchandise in such a crude condition is nothing more than a fibrous vegetable substance, not dressed or manufactured, or a crude or unmanufactured vegetable substance. It is further contended that as bamboo, raffia, rattan, etc., are not wood in the true sense of the word, but still are materials which have been held classifiable as sticks of wood, the fibrous substance in question, which resembles sticks of wood, is within the terms of that paragraph. If not within the provisions of the free-list paragraphs, plaintiff's counsel contends that such a crude product would come within the description of "raw or unmanufactured articles not enumerated or provided for" in paragraph 1558 and would be dutiable at only 10 per centum ad valorem.

The Government contends that inasmuch as the merchandise was cut to exact lengths according to certain specifications, bundled ready for use in the manufacture of brooms, without any further processing of fibers becoming necessary, and was sold to broom manufacturers who buy specified lengths to suit their needs, the merchandise comes directly within the description of a manufactured article, as assessed by the collector.

In the case of *Balfour, Guthrie & Co., Ltd.* v. *United States*, 4 Cust. Ct. 300, C. D. 348, this court considered the classification of certain palmyra fiber stalks, which were the ribs of palm leaves, assessed at 20 per centum ad valorem under paragraph 1558, Tariff Act of 1930,

as nonenumerated manufactured articles. The court was of the opinion in that case that the palmyra fiber stalks were not in a crude condition for the reason that they had been sorted as to size and also as to quality. In addition to such sorting, both ends were cut to lengths specified by broom manufacturers and bundled so as to be ready for use in the manufacture of brooms without further processing of the fibers becoming necessary. For such reasons, the court held that the palmyra fibers therein question were dressed or manufactured and therefore not included within the provisions of paragraph 1684.

Counsel for the Government urges that the material here in question comes squarely within the purview of the foregoing decision. Plaintiff's counsel also cites the *Balfour* case as ably reviewing the law, and distinguishes the product before us from the palmyra fiber stalks in that case. The only witness appearing before us in this case had never seen brooms made from the fibers he had shipped and he knew nothing relative to the manufacture thereof into brooms. There is nothing in the evidence to indicate that the fibers in question were cut to the exact length of 18 inches upon the order of broom manufacturers. In fact, the sample in evidence shows the lengths range from 17 to 18½ inches. The evidence also fails to establish that the bundles contained a uniform size of fiber suitable in the condition imported to manufacture into brooms without further processing. In fact, the representative sample of the importations establishes that there is no uniformity in the diameter of the various fibers.

In the case of *American Push Broom & Brush Co.* v. *United States*, 25 C. C. P. A. 248, T. D. 49391, palm leaf ribs were held not to be wood of a character contemplated by the Congress to be included in paragraph 1806. Nor was the court of the opinion in that case that the first portion of paragraph 1558, relating to raw or unmanufactured articles, or paragraph 1722, was applicable to palm leaf ribs, but held that such ribs came within the provisions of paragraph 1684.

We are of the opinion that the fibrous grasses before us here are of a like character to palm leaf ribs and therefore are more specifically provided for under paragraph 1684 as "Grasses and fibers: * * * fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for," than under any of the other paragraphs claimed in the protest. In view of the *American Push Broom & Brush Co.* case, *supra*, and the *Balfour, Guthrie & Co., Ltd.* case, *supra*, we hold that the merchandise here in question is entitled to free entry under paragraph 1684, as claimed.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refund of all duties taken in accordance with law.